UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN L. BRENDEN, | ) | CIV. 07-4007-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| DELMAR WALTER; | ) | |
| DENNIS LISTON; | ) | |
| DOUGLAS LOEN; and | ) | |
| DOUGLAS WEBER, in their official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Brian Brenden filed a complaint against various employees of the South Dakota Department of Corrections pursuant to 42 U.S.C. § 1983. Both Plaintiff and Defendants have filed motions for summary judgment. Docket 36, 42. Plaintiff has also filed a motion for supplemental jurisdiction, Docket 41, and Defendants have filed a motion to dismiss a party from the suit. Docket 62. Plaintiff has also filed a motion for leave to communicate with legal assistance, Docket 67, to which Defendants have responded. Docket 68.

**FACTUAL BACKGROUND**

The Court considers the facts in the light most favorable to the Plaintiff. Below are the facts relevant to the question before this Court:

Plaintiff Brian Brenden is a prisoner in the South Dakota State Penitentiary (SDSP), serving a five-year sentence for aggravated assault.

Complaint, Docket 1, ¶¶ 3, 10.  In 2006 he also pled guilty to a misdemeanor. Id. at ¶ 11.  Plaintiff states that he has only a high school education and possesses no legal knowledge or experience, and that he "does not know how to research or prepare claims for the courts."  Plaintiff's Statement of Undisputed Material Facts (PSUMF), Docket 38, ¶¶ 6, 17.  Plaintiff is also an epileptic who has suffered "many severe seizures" since beginning his sentence in the SDSP. Id. at ¶¶ 7, 8.

The SDSP contracted with Defendant Delmar Walter[1], an attorney, as part of its efforts to provide an Inmate Legal Assistance Office (ILAO).  The ILAO was created to assist inmates with both criminal matters and civil actions which challenge the conditions of their confinement.  Id. at ¶ 14.  Defendant Dennis Liston worked as a paralegal for Walter.  Id. at 15.  Douglas Loen is an attorney employed by the DOC, and Douglas Weber is the warden of the SDSP.

In December 2005, Plaintiff utilized the ILAO provided by the SDSP.  Id. at ¶ 15.  Plaintiff met with Liston regarding a civil claim he wanted to bring against the SDSP, and Liston gave Plaintiff some forms to complete and to send to the federal district court.  Id. at ¶ 15.

On June 19, 2006, Plaintiff requested assistance once again from the ILAO regarding a habeas corpus petition for his aggravated assault conviction.  Id. at

---

[1] In his complaint, Plaintiff lists "Delmar Walters" as the first defendant. However, the rest of the filings consistently state that the defendant's name is "Delmar Walter," and the Court adopts that spelling.

17.  He spoke with Walter at that time about this petition.  On July 31, 2006, Walter spoke with Plaintiff about their earlier discussion and told Plaintiff that he had concluded that the grounds for a habeas petition were frivolous.  Id. at ¶ 21.  At that time Walter gave Plaintiff some forms he could use to file his habeas petition and wrote a note on the cover page stating, "I cannot do a habeas writ for Brian Brendan because he has no grounds that are not frivolous."  Id. at ¶ 21; Docket 1-5.  Plaintiff states that since that meeting Walter has refused to assist him in preparing pleadings to challenge his conviction for aggravated assault.[2]  Id. at ¶ 11.  Since then, however, an attorney has been appointed to represent Plaintiff in his habeas petition challenging this felony conviction, and another attorney has agreed to assist in this action pro bono.[3]  Id. at ¶¶ 20-22.

---

[2] Defendants do not dispute that Walter refused to file a habeas petition for Plaintiff "after researching the grounds for his claim and determining that the claim had no merit."  Response to Plaintiff's Statement of Undisputed Material Facts (RPSUMF), Docket 49, ¶ 11.  Plaintiff states several times that, during his first discussion with Walter, the attorney expressed confidence in the potential success of his habeas claim.  Complaint, Docket 1, ¶ 17 (stating that "Mr. Walter said: "This sounds like something that needs to be pursued and has a 70 to 80 percent chance of winning.  Of all the cases I've filled out in the past seven years, this is one of those that should be pursued.");  Request for Administrative Remedy, September 18, 2006, Docket 1-10.  However, all parties agree that after July 31, 2006, Walter and Liston made no similar statements and did not provide additional assistance with Plaintiff's habeas petition.

[3] Defendants state that Plaintiff has failed to put forth any evidence "other than his own assertion" that a lawyer has volunteered to assist him in his habeas action at no cost to the attorney.  RPSUMF at ¶ 22.

3

Additionally, on August 30, 2006, Liston met with Plaintiff regarding civil claims related to conditions of his confinement and provided Plaintiff with forms to fill out to bring his § 1983 claims against the SDSP. Docket 1 at ¶ 26; Docket 1-8. Plaintiff states that Liston told him that he cannot help him prepare pleadings for any civil complaint. Id. at ¶ 12. Instead, Liston gave Plaintiff some blank forms for these complaints for Plaintiff to complete on his own. Id.

Plaintiff filed this § 1983 action on January 19, 2007 against Defendants in both their official and individual capacities. In his complaint, Plaintiff first alleges that Defendants have denied him "any meaningful and adequate legal assistance" in filing habeas corpus petitions and civil rights complaints; thus, argues Plaintiff, he has been improperly denied access to the courts, a fair trial, due process, and equal protection.[4] Docket 1, ¶ 30. First, Plaintiff alleges that the SDSP does not maintain its law library at the level that courts have required.[5] See id. at ¶ 13. Second, Plaintiff asserts that the SDSP, via the ILAO, has failed to provide him with "any meaningful and adequate legal assistance." Id. at ¶ 30.

---

[4] The Court notes that the SDSP as an entity is not a party to this lawsuit. Two prison officials, Weber and Loen, are named defendants.

[5] Defendants state that this is a legal conclusion and not a statement of fact. RPSUMF at ¶ 13. "The DOC provides inmates with access to certain legal reference books, codes, and treatises, and with access to caselaw through a lawyer under contract with the DOC." Id.

Finally, Plaintiff alleges that SDSP policies prevent inmates from receiving assistance from jailhouse lawyers, even when the inmate fails to receive assistance from the ILAO or from the prison's law library.[6]  Id. at ¶ 15.  DOC policy forbids an inmate from possessing the legal papers of another inmate, thereby hampering the ability of one prisoner to assist another with any legal claims.  Docket 1 at ¶ 24; Docket 1-6, page 2, part C.  Plaintiff argues that his use of a jailhouse lawyer puts him at risk of receiving disciplinary sanctions, of having his papers confiscated, and of rendering him ineligible for parole, even though he claims that the legal documents are either public records or "do not contain sensitive information."[7]  PSUMF, Docket 38, ¶¶ 15-19.  Plaintiff argues that this policy results in a further denial of his civil rights under the First, Sixth, and Fourteenth Amendments.

Plaintiff states that he has submitted grievances to Warden Weber alleging that he has been "denied adequate and meaningful legal assistance as required

---

[6]Defendants state that indigent inmates are not prevented from soliciting the help of a jailhouse lawyer, and that their policies merely state that inmates do not have any right to such assistance and that one inmate cannot possess the legal materials of another inmate.  RPSUMF at ¶ 15.

[7] Defendants state that DOC policy does provide that one who is in possession of another's legal papers may be disciplined and/or the legal materials may be seized.  RPSUMF at ¶ 19.  However, they dispute that Plaintiff could be disciplined for another's possession of his legal papers or that he could become ineligible for parole because of such possession.  "[T]he discipline would be against the party in possession of another inmate's legal materials, not against Brenden."  Id.

by well settled law," and that he has received no remedy from the warden.  Id. at ¶ 23.  Plaintiff also alleges that Defendant Loen "did not respond to Brenden's requests for legal research assistance," presumably regarding his habeas petitions and other civil actions.  Id. at ¶ 14.  In the immediate action, states Plaintiff, Defendant Walter told Plaintiff that the ILAO could no longer provide him with legal copies, even though the ILAO was "the only source known to Brenden for legal copies."  Id. at ¶ 24.  When Loen appointed another attorney, Douglas Thesenvitz, to assist Plaintiff in filing his habeas petitions and civil claims other than the one considered here, Plaintiff alleges that this attorney "falsely informed about and discouraged Brendan's claims, promised help, failed, and [has] not communicated with Brendan subsequent to March 5, 2007."[8]  Id. at ¶ 25.

    Plaintiff is alleging that he was prevented from filing a habeas petition with regard to his misdemeanor conviction and from filing the following civil complaints:  a complaint against SDSP Health Services and the DOC alleging inadequate medical care for his epilepsy; a complaint regarding his placement in a jail cell on the top floor on the top bunk, threatening harm given his medical

---

[8] Defendants dispute this allegation, stating that Thesenvitz "has communicated with Brenden and it is his understanding that all of Brenden's current legal concerns are being addressed in this lawsuit and in his current habeas action.  Thesenvitz has not refused to file a claim on Brenden's behalf and is available to assist Brenden with any potential claims he may have."  RPSUMF at ¶ 25.

condition; and a complaint regarding what he claims was an illegal termination from his job in the SDSP kitchen.[9]  Id. at ¶ 26.

Plaintiff makes the following requests for relief:  a permanent injunction guaranteeing him "meaningful and adequate legal assistance" in preparing his legal pleadings; declaratory relief that the acts he describes were unconstitutional denials of his rights; declarations that the statute of limitations for his civil rights and habeas corpus actions be tolled until he can receive sufficient legal assistance; and/or monetary relief and punitive damages.  Id. at page 7.

Defendants answered the complaint on February 20, 2007.  Docket 22.  Plaintiff filed a motion for summary judgment on June 7, 2007.  Docket 36.  Plaintiff also filed a motion for supplemental jurisdiction under 28 U.S.C. § 1367.  Docket 41.  On June 28, 2007, Defendants filed their own motion for summary judgment as well as a memorandum in support of this motion and in opposition to Plaintiff's motion for summary judgment.  Docket 42, 43.  Defendants filed a motion to dismiss Linton from the lawsuit on September 12, 2007.  Docket 62.  On December 31, 2007, Plaintiff filed a motion with this Court seeking a court

---

[9] Defendants assert that Plaintiff has "failed to provide any evidence why he is unable to file these proposed claims, either by himself, with the assistance of Doug Thesenvitz, or with help from William R. Cody."  RPSUMF at ¶ 26.

order to permit him to correspond with his jailhouse attorney.  Docket 67.  Respondents have filed a response opposing this motion.  Docket 68.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, the court views the evidence presented based upon which party has the burden of proof under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**DISCUSSION**

**A.     Defendants' Motion for Summary Judgment**

The United States Supreme Court in Lewis v. Casey clarified that to establish standing to bring a claim, a prisoner must show actual injury caused by the actions of defendants.  518 U.S. 343, 349 (1996).  Thus, to seek redress in federal court, he must demonstrate that he suffered actual harm or will imminently suffer actual harm.  Id.  In the context of prisoners' rights of access to the courts, and the concomitant responsibilities of prisons to protect this right, the Court in Casey stated that an inmate must do more than just demonstrate that his prison's legal assistance program or law library is subpar. Id. at 351.  Instead, "the inmate must therefore go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  Id.  (giving examples such as being unable to file a complaint at all or having a complaint dismissed for failure to satisfy some technical requirement).   "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions or confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous underlying legal claim."  White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (finding no injury because any § 1983 claim would be barred by the statute of limitations).  See also Casey, 518 U.S. at 356-

9

57; Kind v. Frank, 329 F.3d 979, 981 (8th Cir. 2003) (affirming dismissal when "[t]here is nothing in the record to show Kind lost a specific claim in any legal proceeding as a result of the jail's alleged interference"); Eaton v. Dooley, No. 992784, slip op. at 1, 230 F.3d 1362 (8th Cir. Aug. 9, 2000) (stating that "Eaton failed to establish that his own lawsuits were dismissed because of the challenged legal services"); Goff v. Nix, 113 F.3d 887, 890-92 (8th Cir. 1997); Meis v. Gunter, 906 F.2d 364, 366 (8th Cir. 1990) (vacating judgment for plaintiff when he "has not shown that he himself has actually been injured by the lack of access that he complains about, nor has he proved that there is any ascertainable likelihood that he will be harmed in such a way in the future"). See also Berdella v. Delo, 972 F.2d 204, 209-10 (8th Cir. 1992) (stating that "Berdella has failed to show that he suffered prejudice as a result of his inability to communicate with [his trustee]" because of jail policy).

     In their Motion for Summary Judgment, Defendants argue that Plaintiff has failed to demonstrate that he has suffered actual injury from the alleged actions of Defendants. Docket 43, page 9. Indeed, the Court's review of the multitude of filings in this case does not reveal any evidence that Plaintiff has missed a deadline for one of his various petitions or claims, or has otherwise been prevented from filing these lawsuits. Plaintiff responds that the very fact that he has not filed his second habeas petition or his § 1983 actions against the

prison demonstrates that he has received inadequate legal assistance.  Docket 50, page 11 (citing Casey, 518 U.S. at 356).

Regarding Plaintiff's habeas petition for his felony conviction, it is clear to this Court that Plaintiff has not demonstrated any actual injury from any acts or omissions of the Defendants.  Plaintiff agrees that Walter's refusal to prepare the petition himself has not prejudiced him.  Docket 50, page 8.  The Court notes that this petition has been filed and is proceeding, and counsel has been appointed to represent Plaintiff in this habeas action.  Thus, since Plaintiff suffered no injury with regard to any conduct of Walter, Loen, and Weber related to the first habeas action, Plaintiff cannot assert that his right of access to the courts has been compromised.  See Casey, 518 U.S. at 356; Meis, 906 F.2d at 367.

With regard to the second habeas petition for Plaintiff's misdemeanor and to his potential § 1983 claims, Plaintiff admits the following:

> [T]here is no evidence defendants prevented Brenden from filing any action.  Instead, they denied him adequate legal assistance in the preparation of his claims, and the record is replete with proofs that Brenden requested legal assistance for his four actions and was ignored, denied, or merely given some blank forms.  As held by well settled case law, defendants must provide inmates with the "tools it requires" to prepare legal pleadings, and provide "adequate" legal assistance therefore.  To not do so is the injury required of this action's first claim.

Docket 50, page 8 (emphasis in original) (citing to Casey, 518 U.S. at 355-56).

However, Plaintiff misstates the rule of Casey in claiming that the case defines

11

what prisons must do for inmates seeking to bring habeas petitions or § 1983 actions.  Instead, as stated above, Casey stands for the proposition that before a Court can examine whether the state has failed to furnish adequate legal assistance, an inmate must first establish that an actionable claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided[.]"  Casey, 518 U.S. at 356.

In other words, to show a violation of one's right of access to the courts, a plaintiff must first show that his access to the courts was indeed impaired.  This requires more than a general injury of deficient legal assistance; it requires a specific injury as outlined in Casey.  Contrary to what the Plaintiff states, the mere fact that he has not filed these suits is not sufficient.  He must show that he has been unable to file these suits, and that this inability is the product of Defendants' actions.  Indeed, Plaintiff has failed to provide this Court with any evidence that he cannot yet file his second habeas petition or that he has missed his opportunity to file any of the § 1983 actions he claims he has against the SDSP.  Therefore, since Plaintiff has failed to demonstrate the requisite actual injury from any alleged acts or omissions of the Defendants, the Court is prevented from examining his complaints at all.  Consequently, summary judgment for Defendants is required.

In their motion for summary judgment, Defendants included several additional grounds on which they allege this Court could award summary judgment in their favor. These grounds include failure to exhaust administrative remedies, the Eleventh Amendment, qualified immunity, statutory immunity, lack of personal involvement by Defendants, and failure on the merits. Docket 42. Because the Court has already found that summary judgment is warranted based on the absence of any injury in fact, the Court declines to discuss these additional grounds for summary judgment.

**B.   Plaintiff's motion for supplemental jurisdiction and Defendants' motion for dismissal of claim against Dennis Liston**

Defendants filed with the Court a notice of the death of Dennis Liston on June 1, 2007. Docket 32. Plaintiff's response to this notice seems to be his Motion for Supplemental Jurisdiction, Docket 41, where he admits that he knows of Liston's death and asks the Court to retain jurisdiction over a state law claim under SDCL § 16-18-34.2, which he argues imposes liability on Walter for any failures of his paralegal Liston. On September 12, 2007, Defendants filed a motion to dismiss the case as to Liston under Federal Rule of Civil Procedure 25, arguing that Plaintiff failed to substitute a proper party within 90 days after notification of Liston's death. Docket 62.

Federal Rule of Civil Procedure 25 states:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. . . . Unless the motion for substitution is made not later than 90 days after the death is

13

> suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Pursuant to Fed. R. Civ. Pro 6(b), the Court can extend this 90-day limit to permit a motion for substitution beyond that time limit "when the failure to file the motion was the result of excusable neglect." See Kaubisch v. Weber, 408 F.3d 540, 542 (8th Cir. 2005). Further, "the misapplication or misreading of the plain language of Rule 25 does not establish excusable neglect." Id. (citations omitted). "In general, *pro se* representation does not excuse a party from complying . . . with the Federal Rules of Civil Procedure." Ackra Direct Marketing Corp. v. Fingerhut, Corp., 86 F.3d 852, 856 (8th Cir. 1996).

  The plain language of Rule 25 is clear that if Plaintiff wanted to substitute a party for Defendant Liston, he would have to file a motion for substitution. Instead of making such a motion, he filed a motion for supplemental jurisdiction, asserting that South Dakota law made Walter liable for the acts and omissions of Liston. This motion does not seek to replace Liston with Walter, as Walter is also a Defendant in this matter. Even reading Plaintiff's motions liberally in light of his *pro se* status, the Court cannot conclude that Plaintiff adequately satisfied Rule 25 to substitute a party for the now-deceased Liston. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). For that reason, the Court finds that the claim against Defendant Liston is extinguished, and he is dismissed from this action.

As to Plaintiff's Motion for Supplemental Jurisdiction over a state law claim against Walter based on his subordinate's conduct, because the Court awards summary judgment to Defendants on all federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over a state law claim when "the district court has dismissed all claims over which it has original jurisdiction").

**C.     Motion for leave to access inmate's legal assistance**

Plaintiff sought a court order requiring the SDSP to permit him to communicate with his jailhouse lawyer. Docket 67. He argues that "in retaliation for his complaints, and intending to inhibit or stop me from continuing to prosecute this action, defendants have separated me from my inmate's legal assistance and forbidden me from corresponding with him." Id. Defendants respond that Plaintiff's transfers were not due to retaliation for this lawsuit but were related to changes in Plaintiff's custody status. Further, Defendants argue that DOC policy prohibits inmates at different facilities from corresponding, and that Plaintiff has no constitutional right to the assistance of a jailhouse lawyer. Finally, Defendants argue, Plaintiff can seek assistance from a lawyer under contract with the DOC.

In light of prisoners' rights of access to the courts, inmates have a right to receive legal assistance from jailhouse attorneys only when prison officials fail to

provide reasonable alternative assistance. Gassler v. Rayl, 862 F.2d 706, 707-08 (8th Cir. 1988) (citing Johnson v. Avery, 393 U.S. 483, 490 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969). See also Munz v. Nix, 908 F.2d 267, 268 n.3 (8th Cir. 1990). In other words, if the prison makes available other manners of legal assistance, a prisoner does not have an right to communicate with his jailhouse attorney. Gassler, 862 F.2d at 708. Further, a general policy prohibiting communication between inmates at different facilities is reasonably related to a legitimate penological interest, and is therefore not unconstitutional. Goff v. Nix, 113 F.3d 887, 891 (8th Cir. 1997).

Here, Defendants have demonstrated that alternative means of legal assistance are available to Plaintiff. Attorney Doug Thesenvitz is under contract to provide legal services to inmates who, for various reasons, cannot access the ILAO. Thus, the Court believes that Plaintiff's right of access to the courts is not threatened since legal assistance is available to him. It is obvious to this Court that the Plaintiff prefers the assistance of his jailhouse attorney; however, neither the DOC nor this Court is required to honor that preference. Plaintiff has failed to demonstrate that Thesenvitz cannot or will not provide him with legal assistance, and therefore has failed to demonstrate that he is entitled to access to his jailhouse attorney. For these reasons, the Court denies his motion for intervention.

Accordingly, it is hereby

ORDERED that Defendants' motion for summary judgment (Docket 42) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Docket 36) and Plaintiff's motion for service by publication and for miscellaneous relief (Docket 40) are DENIED as moot.

IT IS FURTHER ORDERED that Defendants' motion to dismiss party Dennis Liston (Docket 62) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for supplemental jurisdiction (Docket 41) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for court intervention (Docket 67) is DENIED.

Dated February 12, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE